**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TERRANCE CHANCY MAY,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **C.A. No. 08-279Erie** |
| | ) | |
| **FRANCISCO QUINTANA,** | ) | **Magistrate Judge Baxter** |
| **Respondent.** | ) | |

**MEMORANDUM OPINION[1]**

**Magistrate Judge Susan Paradise Baxter**

　　　　　Petitioner Terrance Chancy May, formerly a federal prisoner incarcerated at the McKean Federal Correctional Institution in Bradford, Pennsylvania, brought the instant petition for writ of habeas corpus, seeking immediate placement into a Residential Re-entry Center.  Petitioner filed the instant petition on October 14, 2008, and has since been released from the custody of the Bureau of Prisons.  Petitioner's claim for habeas relief is now moot and will be dismissed.

　　　　A prisoner may seek federal habeas relief only if he is in custody in violation of the constitution or federal law.  28 U.S.C. § 2254(a); Smith v. Phillips, 455 U.S. 209 (1982); Geschwendt v. Ryan, 967 F.2d 877 (3d Cir.), cert. denied, 506 U.S. 977 (1992); Zettlemoyer v. Fulcomer, 923 F.2d 284 (3d Cir.), cert. denied, 502 U.S. 902 (1991).  The purpose of a writ of habeas corpus is to challenge the legal authority under which a prisoner is held in custody.  Heck v. Humphrey, 512 U.S. 477 (1994); Allen v. McCurry, 449 U.S. 90 (1980) (the unique purpose of habeas corpus is to release the applicant for the writ from unlawful confinement); Wolff v. McDonnell, 418 U.S. 539 (1974) (basic purpose of the writ is to enable those unlawfully incarcerated to obtain their freedom); Preiser v. Rodriguez, 411 U.S. 475 (1973); United States

---

[1]  In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including entry of a final judgment.  Documents ## 12, 13.

v. Hollis, 569 F.2d 199, 205 (3d Cir. 1977). The writ supplies the mechanism by which prisoners may challenge the length of their custodial term. Fields v. Keohane, 954 F.2d 945, 949 (3d Cir. 1992); Barden v. Keohane, 921 F.2d 476 (3d Cir. 1991). The remedy is to free an inmate from unlawful custody.

Generally, a petition for habeas corpus relief becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition. Lane v. Williams, 455 U.S. 624 (1982). The general principle derives from the case or controversy requirement of Article III of the U.S. Constitution. "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate ... the parties must continue to have a personal stake in the outcome of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990). In other words, "throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. at 477. See also Maleng v. Cook, 490 U.S. 488, 491-492 (1989)(habeas petitioner does not remain "in custody" under conviction after the sentence imposed has fully expired merely because of possibility that prior conviction will be used to enhance sentences imposed for any subsequent crimes of which he is convicted); United States v. Romera-Vilca, 850 F.2d 177, 179 (3d Cir. 1988) (prisoner's motion to vacate his conviction was not mooted when he was released from custody, where he faced potential deportation as a collateral consequence of conviction).[2]

Since the filing of this petition, Petitioner has been released from federal custody. In these circumstances, no live controversy remains. Thus, Petitioner's claim for relief will be

---

[2] The doctrine of collateral consequences is a narrow exception to the general mootness rule. The exception arises where a former prisoner can show that he will suffer some collateral legal consequences if the conviction is allowed to stand. See Carafas v. LaVallee, 391 U.S. 234 (1968); Chong v. Dist. Dir., INS, 264 F.3d 378, 384 (3d Cir. 2001). It is Petitioner's burden to demonstrate that collateral consequences exist to avoid having a case dismissed as moot. Spencer v. Kemna, 523 U.S. 1, 7 (1998); United States v. Kissinger, 309 F.3d 179 (3d Cir. 2002).

dismissed as moot.[3]

An appropriate Order follows.

---

[3] Section 102 of the Antiterrorism and Effective Death Penalty Act (28 U.S.C. § 2253(as amended)) codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Amended Section 2253 provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." However, federal prisoner appeals from the denial of a § 2241 habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000); 28 U.S.C. § 2253(c)(1)(B).

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**


| | | |
|---|---|---|
| **TERRANCE CHANCY MAY,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **C.A. No. 08-279Erie** |
| | ) | |
| **FRANCISCO QUINTANA,** | ) | **Magistrate Judge Baxter** |
| **Respondent.** | ) | |


**O R D E R**


AND NOW, this 15th day of September, 2009;

IT IS HEREBY ORDERED that the petition for writ of habeas corpus be

dismissed as moot.  The Clerk of Courts is directed to close this case.


S/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge